IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID CLAY STOUFER                                                                                    PLAINTIFF

    v.                Civil No. 2:22-cv-02140-PKH-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                     DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, David Clay Stoufer, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background**

Plaintiff filed his application for benefits on May 12, 2020, alleging disability beginning February 1, 2015, due to chronic PTSD – service connected, anxiety, and depression.  (ECF No. 13, pp. 14, 169).  Plaintiff was 31 years old on the date last insured, had at least a high school education, and is unable to perform any past relevant work.  (*Id*., p. 22).  His application for benefits was denied initially and on reconsideration.  (*Id*., p. 14).  At Plaintiff's request, an Administrative Law Judge ("ALJ"), Edward M. Starr, held an administrative hearing on April 23, 2021, via telephone due to the extraordinary circumstance presented by the COVID-19 pandemic.  (*Id*., pp. 14, 46-73).  Plaintiff was present and represented by counsel.  During the hearing, Plaintiff amended the alleged onset date to June 15, 2018.  (*Id*., p. 14).

1

On August 13, 2021, the ALJ concluded that Plaintiff's migraines, trauma related disorder, depression, and anxiety were severe, but he concluded these impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (ECF No. 13, pp. 16-18). Despite Plaintiff's impairments, the ALJ found Plaintiff capable of performing:

> light work as defined in 20 C.F.R. § 404.1567(b) except he is limited to simple, routine repetitive tasks; can respond to supervision that is simple, direct and concrete; can occasionally interact with coworkers; and should not interact with the public. (*Id.*, p. 19-22).

With the assistance of a vocational expert ("VE"), the ALJ concluded that Plaintiff could perform work as an assembler, production, DOT # 706.687-010, light, SVP 2, of which there are approximately 288,000 jobs in the national economy; a routing clerk, DOT # 222.687-022, light, SVP 2, of which there are approximately 50,000 jobs in the national economy; and a power screwdriver operator, DOT # 699.685-026, light, SVP 2 of which there are 69,000 jobs in the national economy. (ECF No. 13, pp. 23). Plaintiff was found not to be under a disability from his alleged onset date through the date last insured. (*Id.*, p. 24).

The Appeals Council denied Plaintiff's request for review on June 27, 2022. (ECF No. 13, pp. 1-10). Plaintiff then filed his Complaint to initiate this action on August 29, 2022. (ECF No. 2). This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs (ECF Nos. 15, 17), and the case is ready for decision.

## II.   Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support

it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder

only considers the Plaintiff's age, education, and work experience in the light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

### III. Discussion

Plaintiff raises three issues on appeal: (1) whether the ALJ erred in failing to develop the record fully and fairly; (2) whether the ALJ erred at Step Two of the sequential analysis; and (3) whether the Administrative Law Judge erred in his residual functional capacity ("RFC") determination, which was not supported by either examining or treating source opinion evidence. (ECF No. 15). After thoroughly reviewing the record, the undersigned finds that the ALJ failed to properly develop the record, thereby providing less than substantial evidence to support the RFC finding. Because reversal and remand are required on this basis, Plaintiff's remaining arguments will not be discussed.

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). The ALJ is not, however, required to function as the claimant's substitute counsel, but only to develop a reasonably complete record. *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) (quoting *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994). While "[a]n ALJ should recontact a treating or consulting physician if a critical issue is undeveloped," "the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted).

The ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). The RFC must, however, be supported by "some medical evidence," and the ALJ should obtain

4

evidence that addresses the claimant's "ability to function in the workplace." *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000); *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). "An ALJ must not substitute his opinions for those of the physician." *Finch v. Astrue*, 547 F.3d 933, 938 (8th Cir. 2008) (quoting *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990)). An ALJ is not permitted to "play doctor." *Pates-Fires v. Astrue*, 564 F.3d 935, 946-47 (8th Cir. 2009).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545. A disability claimant has the burden of establishing his RFC. *Vossen*, 612 F. 3d at 1016. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

An ALJ errs when he infers from a physician's note that a decrease in symptoms enables a claimant to resume work activity, especially when the ALJ relies on a note that does not opine on a claimant's ability to work and ignores other medical sources in the record that do opine on the claimant's ability to work. *See Koch v. Kijakazi*, 4 F.4th 656, 656 (8th Cir. 2021). Recognition must be given to the instability of mental impairments and their waxing and waning nature after manifestation. *See Rowland v. Astrue*, 673 F.Supp.2d 902, 920-21 (D.S.D. 2009) (citing *Jones v.*

*Chater*, 65 F.3d 102, 103 (8th Cir. 1995)).  As stated by the Eighth Circuit, "[i]t is inherent in psychotic illnesses that periods of remission will occur ... Indeed, one characteristic of mental illness is the presence of occasional symptom-free periods."  *Andler v. Chater*, 100 F.3d 1389, 1393 (8th Cir. 1996) (internal quotation marks and citations omitted).  Given that a claimant's level of mental functioning may seem relatively adequate at a specific time, proper evaluation of the impairment must consider a claimant's level of functioning "over time."  20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00(D)(2).  Symptom-free periods do not necessarily mean that a mental impairment has ceased.  *Andler*, 100 F.3d at 1393.

Here, we agree that the ALJ failed to develop the record fully and fairly.  The ALJ set out the RFC finding without relying on any supporting evidence from a medical source regarding the Plaintiff's ability to perform work-like tasks.  The record reveals diagnoses including PTSD, chronic depressive disorder, opioid use disorder in remission, schizoaffective disorder, and antisocial personality disorder.  In the approximately two-year relevant period, the record shows the Plaintiff's consistent attendance of mental health appointments with active participation in group and individual therapy.  While the record in this case is lengthy, the bulk of information details the Plaintiff's counseling sessions without opining as to his ability to perform work-like tasks despite his mental limitations.  Notably, state agency psychologist opinions at both the initial and reconsideration levels do not determine the limitations of the Plaintiff's PTSD, anxiety, and depression because "the evidence in the file is insufficient."  (ECF No. 13, pp. 79-80, 88).

We note that the ALJ acknowledged that additional evidence was necessary as he directed Patricia L. Griffen, Ph.D., to provide her medical opinion of the Plaintiff's ability to perform work-like activities.  (ECF No. 13-1, p. 695).  However, upon review of her opinion, the ALJ found the limitations she assessed unpersuasive.  (ECF No. 13, p. 21).  There are no other medical opinions

in the record despite the Plaintiff's specific request that the ALJ order consultative examinations to assess the Plaintiff's limitations. (*Id.*, p. 260). Without the opinions of any medical sources and even non-examining state agency consultants, the ALJ could only rely on his own inferences. By rejecting Dr. Griffen's opinion and failing to obtain a consultative examination, the ALJ himself had to interpret the notations in the Plaintiff's medical records and their relevance to his ability to function in the workplace. He is not permitted to do this.

The record shows that the Plaintiff has constructed a relatively limited and rigid lifestyle to deal with his mental impairments, primarily stemming from combat related PTSD. (ECF No. 13, pp. 46-73). His numerous attempts to work have failed, despite attempting work requiring limited or no social interaction. The Plaintiff's stress responses due to his mental limitations prevent him from receiving feedback from supervisors, and he is so conflict-averse that he is unable to call in sick. The Plaintiff has lost work due to his inability to leave his room and home, as well as his inability to communicate with supervisors and coworkers. He testified that even accompanying his wife to the grocery store demands significant effort from him. The Plaintiff attended his mental health appointments twice a week but spent the rest of his time inside his bedroom. (*Id.*).

To support his RFC finding, the ALJ pointed to treatment notes showing some anxiety and bad mood, while demonstrating no despair. (ECF No. 13, p. 20). In addition, the ALJ noted the Plaintiff's participation in Veteran's Treatment Court and his well-groomed appearance. (*Id.*). We note, however, that these routine interactions in structured and familiar environments do not provide sufficient basis for determining how the Plaintiff's mental limitations would affect his ability to perform work-like activities in the competitive, often stressful work environment.

Notably, the ALJ agreed that a medical opinion was necessary, but he ultimately declined to rely on any when he set out the RFC finding.

The undersigned finds the ALJ failed to properly develop the record, and, thus, drew upon his own inferences from medical reports to determine Plaintiff's ability to perform work-related activities. Accordingly, the ALJ's decision is not supported by substantial evidence, and the case should be reversed and remanded for further consideration.

### IV.   Conclusion

Based on the foregoing analysis, it is recommended that this case be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of December 2023.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE